IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES DIGIGLIO, :
:
    Plaintiff :
:
v. : CIVIL NO. 4:CV-08-1173
:
: Judge John E. Jones III
EUGENE BERDANIER, :
:
    Defendant :

## MEMORANDUM

## September 8, 2009

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Currently pending before the Court is Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. (Rec. Doc. 11) (the "Motion"). For the reasons stated below, the Motion shall be granted.

## PROCEDURAL HISTORY:

Plaintiff Charles Digiglio ("Plaintiff" or "Digiglio"), an inmate presently confined at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), commenced the above-captioned action on June 18, 2008 through the filing of a civil complaint. (Rec. Doc. 1). The complaint is based upon certain allegedly unconstitutional prison conditions to which Plaintiff was subjected when

1

he was incarcerated at the Schuylkill County Prison.[1] (See id.). Plaintiff names as the only Defendant to this action Eugene Berdanier ("Berdanier" or "Defendant"), warden at the Schuylkill County Prison during the time of his confinement at that institution.

On September 19, 2008, Defendant filed the instant Motion and an accompanying brief in support thereof. (Rec. Docs. 11, 12). On October 23, 2008, Plaintiff requested an extension of time in which to file a opposing brief, asserting that his "legal papers" were misplaced upon his transfer from the Schuylkill County Prison to SCI-Camp Hill. (Rec. Doc. 15). We granted that request through our November 5, 2008 Order, which afforded Plaintiff until November 21, 2008 to file his brief in opposition to the instant Motion. (Rec. Doc. 17). To this date, almost one year after we extended Plaintiff that courtesy, he has yet to file his opposition brief. Accordingly, we will proceed to resolve the instant Motion without the benefit of knowing Plaintiff's position on the same.

## STANDARDS OF REVIEW:

### A. Motion to Dismiss

---

[1] The instant cause of action is based in 42 U.S.C. § 1983 ("§ 1983") and involves the following prison conditions: triple-celling of inmates in cells designed for one inmate; commingling intake and quarantined inmates with kitchen workers; inadequate shower and bathroom supplies; failure to provide over-the-counter pain relievers; and failure to provide appropriate medical care (See id.).

2

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not do." Id. at 1965. A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief", and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232 (citing Twombly, 127 S. Ct. at 1965 n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965, 1969 n.8. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965 n. 3).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

### B. Motion for Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no

4

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a

factual dispute sufficient to defeat a summary judgment motion." Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." Anderson, 477 U.S. at 247-48.

**STATEMENT OF MATERIAL FACT:**

On March 7, 2008, Plaintiff began a period of incarceration at the Schuylkill County Prison. During his confinement at that institution, Plaintiff was allegedly experiencing the following conditions: (i) being triple celled in a cell designed for one inmate, which forced him to sleep on a 1½ inch thick plastic mattress on the damp, wet cell floor; (ii) the housing of intake and quarantined inmates with the kitchen workers, who were not blood tested before or after working in the kitchen;

(iii) a lack of bathroom time and toilet supplies; (iv) lack of access to over-the-counter pain killers; and (v) failure to provide appropriate medical/dental care. (Rec. Doc. 1). In the complaint, the Plaintiff acknowledges that there was a grievance procedure in place at the Schuylkill County Prison at the time of his confinement and that he properly exhausted those administrative avenues prior to lodging the instant action.

Conversely, Defendant avers that Deputy Warden David Wapinsky ("Wapinsky") was the Grievance Coordinator for the Schuylkill County Prison at the time of Plaintiff's incarceration. Wapinsky has executed a affidavit in which he verifies the same. (Rec. Doc. 11-3). In that document, Wapinksy also asserts that all grievances filed in the Schuylkill County Prison are directed to his attention for his determination thereon. (Id.). He further avers that he keeps a chronological file of grievances in the course of his duties. (Id.). Wapinsky claims to have reviewed all the grievances filed in the Schuylkill County Prison from March 7, 2008 onward and has no record whatsoever of any grievances filed by Plaintiff. Plaintiff has not adduced any evidence that contradicts these assertions.

**DISCUSSION:**

Under the Prison Litigation Reform Act (the "PLRA"), a prisoner confined in any "jail, prison, or other correctional facility" must first exhaust such

administrative remedies as are available before he or she may assert an action pursuant to § 1983. See 42 U.S.C. § 1997(e) (1980); see Booth v. Churner, 206 F.3d 289, 298 (3d Cir. 2000). Exhaustion of administrative remedies is required even when those remedies will not provide the relief sought. Nyhius v. Reno, 204 F.3d 65, 72 (3d Cir. 2000); Flanyak v. Hopta, 410 F. Supp. 2d. 394, 401 (M.D. Pa. 2006) (there is no "futility exception" to the exhaustion requirement).

In the instant case, Plaintiff admits that there was a grievance procedure in place at the Schuylkill County Prison during the period of his incarceration. Although the complaint indicates that Plaintiff exhausted the remedies available through the grievance procedure, he has not provided the Court with any evidence to corroborate that contention. To the contrary, Defendant has adduced evidence that Plaintiff failed to file any grievance while housed at the Schuylkill County Prison. Accordingly, the record evidence unequivocally indicates that the Plaintiff violated the dictates of the PLRA by failing to exhaust his administrative remedies prior to instituting the above-captioned action. Consequently, pursuant to the dictates of the PLRA, we will grant the instant Motion and dismiss the above-captioned case. An appropriate Order shall enter.